IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Butler Young, # 316924, ) | C/A No.: 1:12-2169-TMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Probation Officer Gillespie, individual ) | |
| and official capacity; The Department of ) | |
| Probation, Parole and Pardon Services of ) | |
| Spartanburg, SC; individual and official ) | |
| capacity, under the color of state law, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Charles Butler Young ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at Allendale Correctional Institution and brings this action against his probation officer and the South Carolina Department of Probation, Parole and Pardon Services ("DPPPS") alleging violations of 42 U.S.C. § 1983 in connection with probation revocation proceedings. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the Complaint in this case without prejudice and without issuance and service of process.

I.  Factual and Procedural Background

Plaintiff alleges that records were falsified in order for his probationary period to be extended and for the state court to rule that he violated his probation, revoke it, and send him to prison. [Entry #1 at 3]. He alleges that he "maxed out" on his probation on

April 25, 2011, but that Defendant Gillespie "convinced" him to sign documents on May 9, 2012 that Plaintiff thought pertained to the end of his probation, but that actually "reistated [Plaintiff's] probation for two years." *Id*. He does not indicate what steps (such as an appeal or PCR application), if any, he has taken to have the probation revocation reversed or set aside. He seeks damages for alleged false imprisonment. *Id*., Compl. 5.

II.   Discussion

   A.   Standard of Review

Plaintiff filed his Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations

2

are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

Plaintiff's allegations of falsified official probation records obtained through trickery, if true, would invalidate the probation revocation judgment under which he is currently incarcerated. As a result, unless and until Plaintiff's revocation judgment is reversed, set aside, or otherwise terminated favorably to Plaintiff, he cannot sue Defendants for damages arising from their actions in connection with the probation revocation proceedings. Such a cause of action does not accrue until the revocation judgment has been invalidated, for example, by a state court or a federal court's issuance of a writ of habeas corpus. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that in order to recover damages for imprisonment in violation of the Constitution, the imprisonment must first be successfully challenged:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized

3

> to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486–87; *see also Edwards v. Balisock*, 520 U.S. 641 (1997) (the preclusive rule of *Heck* extended to § 1983 claims challenging procedural deficiencies which necessarily imply the invalidity of the judgment). It is well-settled that *Heck* applies to other types of claims and not exclusively to causes of action under § 1983. For example, the *Heck* doctrine bars claims brought by federal prisoners under the Federal Torts Claim Act alleging false imprisonment, malicious prosecution, and/or malpractice of federal employees in connection with a federal criminal trial. *See, e.g.*, *Parris v. United States*, 45 F.3d 383, 385 (10th Cir. 1995) ( "FTCA, like § 1983, is not an appropriate vehicle for challenging the validity of outstanding criminal judgments."); *Echols v. Dwyer*, 914 F. Supp. 325, 327 (E.D. Mo. 1996) (no FTCA claim for legal malpractice against federal public defender, holding "that an action under the FTCA is not cognizable when it calls into question the validity of a prior conviction"); *Bradshaw v. Jayaraman*, 205 F.3d 1339 (Table), 1999 WL 1206870, at *2 (6th Cir. 1999) (no FTCA legal malpractice action against appointed criminal defense attorney, two law firm employees, and court reporter; "[t]he holding in *Heck* bars such actions, whether brought under *Bivens*, or the FTCA."); *Rashid v. Monteverde & Hemphill*, No. 1997 WL 360922, at * 7n. 15 (E.D. Pa.1 997) (applying *Heck* to FTCA claims involving false arrest, false imprisonment and malicious prosecution).

The Supreme Court stated that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. This is known as the "favorable termination" requirement. *See Wilson v. Johnson*, 535 F.3d 262 (4th Cir. 2008). As stated previously, the allegations made by Plaintiff in this Complaint are of the type that would invalidate the revocation judgment if they were found to be true. Because Plaintiff has not demonstrated or alleged that he has successfully challenged the lawfulness of his state probation revocation judgment, his claim that his constitutional rights were violated during the revocation process should be dismissed because a right of action has not accrued.[1]

Furthermore, to the extent that Plaintiff sues DPPPS seeking damages, any such claim is barred by the Eleventh Amendment to the United States Constitution. The Defendant DPPPS is immune from Plaintiff's claims in this case because the Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit for damages brought against South Carolina or its integral parts. DPPPS, as a South Carolina state agency, is an integral part of the state and, thus, is entitled to Eleventh

---

[1] Because a right of action has not yet accrued, the limitations period will not begin to run until the cause of action accrues. See *Morris v. Cardillo*, C/A No. 0:10-443-JFA-PJG, 2010 WL 2722997, at *2 (D.S.C. April 15, 2010), *adopted by* 2010 WL 2722992 (D.S.C. July 9, 2010).

Amendment immunity in this case and summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

*See Alden v. Maine*, 527 U.S. 706 (1999); *College Savs. Bank v. Florida Prepaid Educ. Expense Bd.*, 527 U.S. 666 (1999); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other states against a state, Eleventh Amendment bars suits against a state filed by its own citizens).

Under *Pennhurst*, a state must expressly consent to suit in a federal district court. South Carolina has not consented to suit in a federal court. 465 U.S. at 99 n. 9.  South Carolina has not waived its Eleventh Amendment immunity. S.C. Code § 15-78-20(e)(Cum. Supp. 1993); *see also McCall v. Batson*, 285 S.C. 243, 329 S.E.2d 741, 743 (1985) (opinion abolishing sovereign immunity in tort "does not abolish the immunity which applies to all legislative, judicial and executive bodies and to public officials who are vested with discretionary authority, for actions taken in their official capacities."). Therefore, DPPPS should also be summarily dismissed from this suit in light of its Eleventh Amendment immunity.

II.   Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*[Signature]*

September 26, 2012  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).